## JOSEPH v. CITY OF AKRON.

*Real property—Portion of alley included with abutting lot—*
*Municipality estopped to claim title, when.*

Where A, acting in absolute good faith, purchases from B
a lot embracing within its boundaries a narrow strip of
a public alley in a municipal corporation, and the pur-
chase is made in justifiable reliance upon acts of the
corporation council and engineer showing the strip to be
a part of said lot, and A takes possession of the whole
of the lot and constructs a building on a portion of the
strip and remains in the unmolested and uninterrupted
possession and occupancy of the whole lot for forty years,
said municipal corporation is estopped in equity from
claiming that said strip is a part of said alley.

(Decided December 23, 1925.)

APPEAL: Court of Appeals for Summit county.

*Messrs. Grant, Thomas & Buckingham,* for plain-
tiff.
*Mr. H. M. Hagelbarger,* director of law, and *Mr.*
*W. A. Kelly,* for defendant.

WASHBURN, J. This is an action on appeal, in
which the plaintiff claimed that the defendant, the
city of Akron, was taking a part of his lot for
street purposes, and asked that the city be en-
joined and that his title be quieted.

The evidence establishes that in 1825 there was
recorded a plat of what is now a part of the city
of Akron, and that said plat established on the
west side thereof an alley twenty feet wide, known

Municipal Corporations, 28 Cyc. p. 843.

as Pine alley; that in 1865 the owners of property
abutting on the westerly side of Pine alley caused
to be recorded a plat of said property, which in-
cluded as a part thereof a narrow strip off of
the west side of Pine alley, but said plat gave
the width of Pine alley as twenty feet, the same
as it was in the plat of 1825, and there is no record
of the acceptance of either of the plats by the
city. The evidence further discloses that there-
after the strip of land taken from the west side of
Pine alley and included as a part of the plat of
1865 was fenced in and used as a part of the
property adjoining it, and that said strip has been
so fenced in and used since 1870, and down to the
time of the bringing of this action in 1923. The
evidence further shows that in 1884 the city engi-
neer of the city of Akron prepared a plat sub-
dividing a part of the land embraced in the plat
of 1865, and adjoining Pine alley on the west, and
that he at that time included said strip off the
west side of Pine alley as a part of the lots ad-
joining thereto, as shown on the plat of the sub-
division as prepared by him, and that by his
plat he showed the east line of the lots along the
east side of his said subdivision as being the line
of the fence, and that he placed monuments along
said line showing the lots abutting upon the west
side of Pine alley as including said strip off of
the west side of Pine alley that was then fenced
in and used as a part of the adjoining land; that
after said plat had been prepared by the city
engineer it was shown to the plaintiff and he went
upon the ground and observed said monuments
and purchased one of the lots abutting upon the
west side of Pine alley, his deed referring to the

subdivision being executed on January 31, 1884, but the record not disclosing when it was delivered. However, it was not recorded until after said plat was recorded. The plat, although acknowledged on February 4, 1884, was not approved by the council of the city of Akron until June 2, 1884, and was left for record on June 11, 1884, and the deed was filed for record on June 19, 1884. Plaintiff went into possession of the premises as described in his deed, and as surveyed and staked out by the city engineer, which included the narrow strip off the west side of Pine alley as it was then fenced in as a part of said lot, and he has continued in the possession and occupancy of all of said lot and has maintained said fence up to the time of the bringing of this suit, and has erected a building thereon, which extends about eleven inches over onto said narrow strip.

The city engineer having prepared the plat of the subdivision in 1884, and having surveyed the property and placed monuments thereon showing said narrow strip of Pine alley as being included in and a part of the adjoining lot of said subdivision, and the city having by the acceptance of said plat ratified and confirmed that which had been done by the city engineer, and the plaintiff having acted in absolute good faith and purchased and paid for said lot, relying on said acts of the city and its engineer, and having made valuable improvements on a part of said strip, which indicated a permanent and adverse occupancy inconsistent with the title of another, and the city having thereafter permitted such use and occupancy by the plaintiff for such great length of time, we conclude from these facts that the city is now

estopped from claiming that said narrow strip is a part of Pine alley.

It is true that the building constructed by plaintiff did not cover the whole of the strip, or a considerable part thereof, but payment for the lot in reliance on the representation that the strip was a part thereof was in principle equivalent to placing a valuable improvement on the whole of the strip, and brings the case within the principle of *City of Cincinnati* v. *Evans,* 5 Ohio St., 594, as interpreted by later Supreme Court decisions. *Lane* v. *Kennedy,* 13 Ohio St., 42; *McClelland* v. *Miller,* 28 Ohio St., 488, and *Heddleston* v. *Hendricks,* 52 Ohio St., 460.

In Ohio, as in most states, the statute of limitations, as such, does not run against municipalities as to their title and rights in streets which they hold in trust for the public; such rights are not extinguished by mere non-use or adverse possession due to laches, negligence or non-action of municipal authorities, but Ohio, in common with many other states, recognizes the doctrine that there are exceptional cases where there has been such conduct on the part of the public authorities, relied and acted upon by an adjacent owner, as will estop the public from retaking possession of a portion of a street occupied by such adjacent owner. That is, the circumstances may be such that the private rights of individuals are of more persuasive force in a particular case than the rights of the public, and in such a case it is found to be more just to enforce an equitable estoppel against the municipality rather than permit it to retake possession of such street. We regard this doctrine as applicable to the case at bar, the plaintiff here having

established his absolute good faith and the acts of the public authorities relied on as misleading being of such a character as would amount to a fraud if the public authorities were allowed to claim otherwise.

Finding that the plaintiff is entitled to the relief asked for a decree may be drawn accordingly.

*Decree accordingly.*

PARDEE, P. J., and FUNK, J., concur.